```
1  Rafael Villareal 44234-048
   Federal Correctional Institute 2
2  Post Office Box 3850
   Adelanto, California 92301
3
```

FILED
CLERK, U.S. DISTRICT COURT
AUG 27 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RAFAEL VILLAREAL,
          Plaintiff,

v.                                    Case No CV15-06581-DMG(FFMx)

ALFRED BROTHERS-CAO/CCO,
CALVARY PORTFOLIO SERVICES,
                                      COMPLAINT

          Defendant.

LODGED
CLERK, U.S. DISTRICT COURT
AUG 24 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**A.**                          **JURISDICTION**

1.  This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a. The plaintiff is an individual residing in and a citizen of the state of California ;

b. The defendant is a corporation organized and existing under the laws of the State of New York with its principle place of business in Valhalla , NY .

c. There is a complete diversity of citizenship between plaintiff and the defendant.

**B.**                          **DEFINITIONS**

2.  The plaintiff, Rafael Villareal is a "consumer" as defined by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly obligated to pay any debt."

3.  The defendant, Calvary Portfolio Serv. is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as " any person who uses any

1  instrumentality of interstate commerce or the mails in any business
2  the principle purpose of which is the collection of any debts, or who
3  regularly collects or attempts to collect, directly or indirectly, any
4  debts owed or due or asserted to be owed or due to another."

5  C. STATEMENT OF THE CASE

6  4.  On 05/14/2015, The plaintiff obtained a copy of his
7  credit report from Equifax Information Services, Experian Information
8  Solutions, and Trans Union Corporation which revealed that Calvary Portfolio
9  Services ("defendant") had placed an entry on plaintiffs credit
10 report which communicated that plaintiff allegedly had an account in
11 default with the defendant in the amount of $2,646 through
12 assignment from the original creditor dated 01/01/2010. See **Exhibit A**.

13 5.  On June 22, 2015, the defendant took receipt of plaintiffs
14 "Notice of Relief", requesting the defendant validate the alleged debt
15 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.
16 § 1692g(a) and 1692g(b), through certified mail receipt which is numbered
17 70081830000450347121 and attached as **Exhibit B**. It should be noted that
18 the defendant refused to respond to plaintiffs validation request.

19 D. CLAIM ONE

20 6.  The plaintiff asserts that defendant violated section
21 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act
22 when the defendant reported to Equifax Information Services, Experian
23 Information Solutions, and Trans Union Corpporation that the plaintiff
24 is in default with the defendant in the amount of $2,646 through
25 assignment from the original creditor. See **Exhibit A**

26 7.  Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.)
27 which states, " The FDCPA prohibits the false representation of the

" character, amount, or legal status" of any debt. § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8. The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collections Practices Act ("FDCPA"). This constitutes a vilation of the "Act" as a matter of law.

9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E.                                                 **CLAIM TWO**

10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $2,646 to the defendant. **See Exhibit A.**

11. Nelson v. Equifax Information Services. LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed".Calvary Portfolio Serv. never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts

associated with the plaintiff.

11. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

F. **CLAIM THREE**

12. Plaintiff asserts that defendant violated seection 15 U.S.C § 1692e(10) of the Fair Debt Collections Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

13. Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis 27057 (9th Cir. 2013) states, " A debt collector violates section 1692e(10) if it 'use[s]... a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

14. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

G. **CLAIM FOUR**

15. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated the false representation that the alleged account was turned over to Calvary Portfolio Services for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation

See Exhibit A. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debto would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H. <u>**CLAIM FIVE**</u>

18. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that Calvary Portfolio Services had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $2,646 allegedly owed.

19. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                            **CLAIM SIX**

22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives Calvary Portfolio Services the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt #70081830000450347121, which is attached as **Exhibit B**.

23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector." By Calvary Portfolio Services refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is in violation of section 1692g(b).

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

J. **DAMAGES**

25. 15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

K. **REQUESTED RELIEF**

CLAIM ONE: A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:** + $3,000.00

CLAIM TWO: A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

TOTAL DAMAGES:        + $3,000.00

CLAIM THREE: A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES:        + $3,000.00

CLAIM FOUR: A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES:        + $3,000.00

CLAIM FIVE: A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

TOTAL DAMAGES:        + $3,000.00

CLAIM SIX: A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES:        + $1,000.00

26. The total amount of damages requested by the plaintiff is $16,350.00.

27. The $350.00 added is the court cost associated with this action.

I Rafael Villareal, hereby declare under penalty of perjury in the state of California, that the information stated above and any attachments to this form is true and correct.

DATED: 07/23/2015    BY _____
                       Rafael Villareal

ere you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

## AD ASTRA RECOVERY SERV

Unknown

8663982089
7330 W 33RD ST N STE 118
WICHITA, KS 67205

| | |
|---|---|
| Account Name | AD ASTRA RECOVERY SERV |
| Account # | 102XXXX |
| Account Type | Other Collection Agencies |
| Balance | $1,144.00 |
| Past Due | |
| Date Opened | 11/1/2008 |
| Account Status | |
| Mo. Payment | $0.00 |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| High Balance | $0.00 |
| Limit | $0.00 |
| Terms | 1 Month |
| Comments | |

### 24 Mo Payment History

| | 2013 | | | | | | | | | | | | 2014 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
| Experian | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | ND | ND | ND | ND | ND | ND | ND | CO | CO |

## CAVALRY PORTFOLIO SERV

Unknown

8005010909
PO BOX 27288
TEMPE, AZ 85285

| | |
|---|---|
| Account Name | CAVALRY PORTFOLIO SERV |
| Account # | 1383XXXX |
| Account Type | Other Collection Agencies |
| Balance | $2,646.00 |
| Past Due | |
| Date Opened | 1/1/2010 |
| Account Status | |
| Mo. Payment | $0.00 |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| High Balance | $0.00 |
| Limit | $0.00 |
| Terms | 1 Month |
| Comments | |

| 2013 | 2014 | 2015 |
|---|---|---|
| Month | | |
| Experian | | |

Exhibit B

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*) [M AP]   C. Date of Delivery 6/12/15<br>D. Is delivery address different from item 1?  ☐ Yes<br>    If YES, enter delivery address below:  ☒ No |
| 1. Article Addressed to:<br><br>[scribbled out], [scribbled out]<br>[scribbled out] Attn: Alfred Brothers<br>Calvary Portfolio Services  CAO<br>500 Summit Lake Drive Suite 400<br>Valhalla, NY 10595 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7008 1830 0004 5034 7121 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# NOTICE

**DATE:** 06/02/2015

Rafael Villareal
**(Consumer)**

**Certified Mail Number**
**#**

CCO: Anne Thomas
CAO: Alfred Brothers
Cavalry Portfolio Services
**(Debt Collector)**

**Social Security Number**
**#**

**Alleged Account(s)**
**#** 1383xxxx

**SUBJECT:** <u>Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.</u>

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

<u>Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).</u>

It has come to my attention after reviewing a copy of my credit report dated 05/14/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) 2,646.00 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to **15 U.S.C. § 1692(a)(1)** and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in **TITLE 15 U.S.C. § 1692g** and must be completed in full by your agency and returned to me within thirty days

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1. I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2. Upon receipt of this **NOTICE**, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT**.

3. If debt collector, such as by commission, omission, and otherwise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT**.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4. Debt Collector is also hereby given **Notice** that:

DISCLOSURE STATEMENT ATTACHED

(a) Debt Collector's unsubstantiated demand for payment. A a scheme to be delivered by mail may constitute mail fraud under the State and Federal Laws. (Debt Collector may wish to consult with a competent legal council before originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the requisite Verification, Validating the above referenced alleged debt within the requirements of law as coded in the **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding laws of each state signifies that debt collector tacitly agrees that:

I   Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account.

II  Debt Collector waives any and all claims against respondent.

III Debt Collector tacitly agrees that Debt Collector will **compensate** respondent for al cost, fees, and expenses incurred in defending against this claim and any continued fraudulent collection attempts regarding the above referenced alleged account.

5.   This is also an attempt for determining the nature and basis of a case or counterclaim against the debt collector, and any information contained within debt collector's commission, omission, and the like will be used for that purpose.

## THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

Cavalry Portfolio Services
**NAME OF COMPANY OR BOND HOLDER**

### ***CAVEAT***

7.  In the event that the debt collector does not respond to this **"Notice"** within the prescribed time limit for reponlle and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt collector has submitted a fraudulent claim against respondent, and reespondent can file a law suit for costs, fees, and injuries incurred defending against this fraudulent collection by debt collector regarding the above referenced account.

## VERIFICATION AND CERTIFICATION

8. The undersigned consumer, <u>Rafael Villareal</u> does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this <u>2nd</u> day of <u>June 2015</u>.


_____
(Signature of Consumer)

## PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a **"Notice for Validation of Debt"** (5 Pages) and **"Debt Collector's Disclosure Statement"** (3 Pages) to all parties listed below at:
CAO: Alfred Brothers
CCO: Anne Thomas
<u>Calvary Portfolio Services</u>

<u>500 Summit Lake Drive Sui</u>te #400

<u>Valhalla, NY 10595</u>

On this <u>2nd</u> day of <u>June 2015</u>, I certify this to be true, correct, and complete.


_____
(Signature of Consumer)

PAGE 5 of 5

Rafael Villareal 44234048
Federal Correctional Institute 2
Post office Box 3850
Adelanto, CA 92301

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 24 2015
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

United States Courthouse
Office of the Clerk
U.S. Courthouse, Room 68
Los Angeles, CA 90012



Legal-Mail

T. [signature]